IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RAYMOND J. D'APRILE,<br>    Plaintiff<br><br>vs.<br><br>NIELSEN CONSUMER LLC d/b/a<br>NIELSEN IQ,<br>    Defendant | )<br>)<br>) No.<br>)<br>)<br>) JURY TRIAL DEMANDED<br>)<br>) |

## PLAINTIFF'S COMPLAINT

1. Plaintiff is Raymond J. D'Aprile, an adult individual who at all times pertinent hereto resided at 4999 Preakness Place, Bethlehem Township, Northampton County, Pennsylvania 18020.

2. Defendant is Nielsen Consumer LLC d/b/a Nielsen IQ, a corporation with offices located at 200 W. Jackson Boulevard, Chicago, Cook County, Illinois 60606.

3. Plaintiff was hired by Defendant in January 2022 as a senior client partner.

4. Plaintiff's duties as a senior client partner included managing sales accounts for Defendant.

5. Plaintiff is a man.

6. Plaintiff was born in 1963.

7. Plaintiff had previously been employed as the Commercial Director North America for NIQ Brandbank, a company related to or affiliated with Defendant, from September 2016 to November 2019 before he resigned from that position.

1

8. At all times pertinent to the allegations in this Complaint, Plaintiff worked out of his residence at 4999 Preakness Place, Bethlehem Township, Northampton County, Pennsylvania 18020.

9. In October 2023, during a Zoom call, Defendant placed Plaintiff on a performance improvement plan ("PIP") for eight weeks.

10. Salim Bachatene ("Bachatene"), Defendant's Vice-President of Global Business Development, Sarah Herring ("Herring"), Defendant's Vice-President for US Sales and Plaintiff's direct superior, and Nancy Mucci ("Mucci"), a human resources representative, were present on the Zoom call at which the PIP was presented to Plaintiff.

11. On or about December 15, 2023, Mucci and Herring informed Plaintiff during a Zoom PIP review meeting that Defendant was terminating Plaintiff's employment, effective December 29, 2023.

12. Bachatene was not present for the December 15, 2023 Zoom PIP review meeting or for any of the previous weekly PIP review meetings.

13. At the December 15, 2023 Zoom PIP review meeting, Mucci and Herring informed Plaintiff that he was being discharged due to a lack of sales during the PIP period.

14. Plaintiff was 60 years old at the time of his discharge.

15. Prior to the December 15, 2023 Zoom Pip review meeting, Herring had informed Plaintiff that she, *i.e.,* Herring, wanted to extend the PIP review period for 45 days, but Bachatene had overruled her and instead insisted that Plaintiff be terminated.

16. Herring had provided Plaintiff with positive remarks on a weekly basis during the PIP review period in recognition of the efforts being put forth by Plaintiff.

17. Upon information and belief, Plaintiff was essentially replaced in his position by Xheneta Kastrati ("Kastrati"), a woman in her 20s, with minimal sales experience.

18. At the time of his discharge from Defendant's employment, Plaintiff possessed decades of sales experience.

19. During Defendant's corporate retreat in Tunisia in October 2023, Bachatene, who is believed to be in his late 40s, showered Kastrati with attention, occasionally draping his arm around her shoulder, and spent an inordinate amount of time interacting with her, a fact that was noted by various employees of Defendant.

20. Upon belief, Bachatene terminated Plaintiff so that he, *i.e.*, Bachatene, could replace Plaintiff with a younger individual of the opposite sex whom he, *i.e.*, Bachatene, favored.

21. Subsequent to Plaintiff's termination, Mucci informed Plaintiff that Bachatene was "blocking" him from being hired for other positions within Defendant's corporate structure in which Plaintiff was interested.

22. Other individuals employed by Defendant as client partners, such as Jeff Spiro ("Spiro") and Eric Davidson ("Davidson"), also had no sales during Plaintiff's PIP review period, yet they were retained in their positions.

23. Prior to Plaintiff's termination, neither Spiro nor Davidson had made any sales for Defendant.

24. At the time of Plaintiff's termination, Spiro and Davidson were both in their 30s.

25. Spiro and Davidson, who were not placed on PIPs and who were retained in their employment following Plaintiff's discharge, were similarly situated individuals to Plaintiff who were younger than Plaintiff.

3

26. At all times pertinent hereto, Plaintiff was qualified, competent and able to perform the duties of senior client partner for Defendant.

27. Defendant's purported basis for terminating Plaintiff for failing to meet the standards set forth in the PIP was a pretext for discharging Plaintiff based on his age and his sex.

### Count I – Discrimination on the Basis of Age in Violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq.

28. Plaintiff incorporates the allegations in the averments above as if the same were set forth at length herein.

29. Defendant discharged Plaintiff from employment on the basis of Plaintiff's age in violation of Section 623 of the Age Discrimination in Employment Act, 29 U.S.C.A. § 621 et seq ("ADEA").

30. Defendant's violation of the ADEA in discharging Plaintiff from employment was willful.

31. Jurisdiction over this claim is proper pursuant to 28 U.S.C.A. § 1331.

32. Plaintiff has exhausted his administrative remedies through the U.S. Equal Employment Opportunity Commission, having been issued a right-to-sue notice on April 26, 2024, a true and correct copy of which is attached hereto as Exhibit "A".

33. Plaintiff demands a jury trial.

### *Prayer for Relief*

**WHEREFORE,** Plaintiff demands judgment in his favor and against Defendant in an amount in excess of the applicable compulsory arbitration limits, including, without limitation, back pay and front pay and an equal amount in liquidated damages, reasonable attorney's fees, costs, and interest, and respectfully requests that this Honorable Court enter an Order enjoining

4

Defendant from engaging in discriminatory practices, as well as award any other appropriate legal or equitable relief.

### Count II – Discrimination on the Basis of Age in Violation of Section 5(a) of the Pennsylvania Human Relations Act, 43 P.S. § 955(a)

34. Plaintiff incorporates the averments in the paragraphs above as if fully set forth at length herein.

35. Defendant discharged Plaintiff on the basis of Plaintiff's age in violation of Section 5(a) of the Pennsylvania Human Relations Act, 43 P.S. § 955(a).

36. Defendant's discharge of Plaintiff on the basis of age has proximately caused Plaintiff mental anguish, emotional distress, inconvenience, humiliation, and loss of enjoyment of life's pleasures.

37. Jurisdiction over this claim is proper pursuant to 28 U.S.C.A. § 1367.

### *Prayer for Relief*

**WHEREFORE,** Plaintiff demands judgment in his favor and against Defendant in an amount in excess of the applicable compulsory arbitration limits, including, without limitation, backpay and front pay, compensatory damages, reasonable attorney's fees, costs, and interest, and respectfully requests that this Honorable Court enter an Order enjoining Defendant from engaging in discriminatory practices, as well as award any other appropriate legal or equitable relief.

### Count III – Discrimination on the Basis of Sex in Violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. § 2000e-2

38. Plaintiff incorporates the averments in the paragraphs above as if fully set forth at length herein.

39. Defendant discharged Plaintiff from employment on the basis of Plaintiff's sex in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. § 2000e-2.

40. Defendant's discharge of Plaintiff on the basis of sex was with malice or with reckless indifference to the federally protected rights of Plaintiff under Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. § 2000e-2.

41. Defendant's discharge of Plaintiff on the basis of sex has proximately caused Plaintiff mental anguish, emotional distress, inconvenience, humiliation, and loss of enjoyment of life's pleasures.

42. Jurisdiction over this claim is proper pursuant to 28 U.S.C. § 1331.

43. Plaintiff has exhausted his administrative remedies through the U.S. Equal Employment Opportunity Commission, having been issued a right-to-sue notice on April 26, 2024, a true and correct copy of which is attached hereto as Exhibit "A".

44. Plaintiff demands a jury trial.

**WHEREFORE,** Plaintiff demands judgment in his favor and against Defendant in an amount in excess of the applicable compulsory arbitration limits, including, without limitation, back pay, front pay, compensatory damages, punitive damages, reasonable attorney's fees (including expert fees), costs and interest, and respectfully requests that this Honorable Court enter an Order enjoining Defendant from engaging in discriminatory practices, as well as award any other appropriate legal or equitable relief.

### Count IV – Discrimination of the Basis of Sex in Violation of Section 5(a) of the Pennsylvania Human Relations Act, 43 P.S. § 955(a)

45. Plaintiff incorporates the averments in the paragraphs above as if fully set forth at length herein.

46. Defendant discharged Plaintiff from employment on the basis of Plaintiff's sex in violation of Section 5(a) of the Pennsylvania Human Relations Act, 43 P.S. § 955(a).

47. Defendant's discharge of Plaintiff on the basis of sex has proximately caused Plaintiff mental anguish, emotional distress, inconvenience, humiliation, and loss of enjoyment of life's pleasures.

48. Jurisdiction over this claim is proper pursuant to 28 U.S.C.A. § 1367.

### *Prayer for Relief*

**WHEREFORE,** Plaintiff demands judgment in his favor and against Defendant in an amount in excess of the applicable compulsory arbitration limits, including, without limitation, back pay and front pay, compensatory damages, reasonable attorney's fees, costs, and interest, and respectfully requests that this Honorable Court enter an Order enjoining Defendant from engaging in discriminatory practices, as well as award any other appropriate legal or equitable relief.

SHAY, SANTEE, KELHART & DESCHLER LLC

By: _____
Matthew J. Deschler, Esquire
44 E. Broad Street, Suite 210
Bethlehem, PA 18018
610-691-7000 (t)
610-691-3529 (f)
mjdeschler@sskdlaw.com
ID No. 311785
Counsel for Plaintiff

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

Philadelphia District Office
801 Market St, Suite 1000
Philadelphia, PA 19107
(267) 589-9700
Website: www.eeoc.gov

# DISMISSAL AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 04/26/2024

To: Raymond D'Aprile
4999 Preakness Place
Bethlehem, PA 18020
Charge No: 530-2024-05359

EEOC Representative and telephone number:

Legal Unit
(267) 589-9707

## DISMISSAL OF CHARGE

The EEOC has granted your request that the agency issue a Notice of Right to Sue, where it is unlikely that EEOC will be able to complete its investigation within 180 days from the date the charge was filed.

The EEOC is terminating its processing of this charge.

## NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission,

Digitally Signed By: Karen McDonough
04/26/2024
Karen McDonough
Deputy District Director



EXHIBIT A