IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RAYMOND J. D'APRILE,<br><br>　　　　Plaintiff,<br><br>v.<br><br>NIELSEN CONSUMER LLC d/b/a NIELSEN IQ,<br><br>　　　　Defendant. | Civil Action No. 5:24-cv-02957 |

**DEFENDANT'S ANSWER TO COMPLAINT
AND AFFIRMATIVE DEFENSES**

Defendant Nielsen Consumer LLC d/b/a Nielsen IQ ("Defendant" or "NIQ"), by its attorneys, hereby submits this Answer and Affirmative Defenses to the Complaint of Plaintiff Raymond J. D'Aprile ("Plaintiff") as follows:

1. NIQ is without information or knowledge sufficient to admit or deny the truth of the averments of this Paragraph and therefore, they are deemed denied.

2. Admitted.

3. Admitted.

4. Admitted in part; denied in part. It is only admitted that some of Plaintiff's duties as a senior client partner included managing sales accounts at NIQ. The remaining averments in this Paragraph are denied.

5. Admitted.

6. Admitted upon information and belief.

7. Admitted.

8. NIQ is without information or knowledge sufficient to admit or deny the truth of the averments of this Paragraph and therefore, they are deemed denied. By way of further answer, Plaintiff worked remotely.

9. Admitted in part; denied in part. It is only admitted that Plaintiff was placed on a performance improvement plan during a Zoom call in or around October 2023. The remaining averments in this Paragraph are denied.

10. Admitted in part; denied in part. It is only admitted that Salim Bachatene ("Mr. Bachatene") and Sarah Herring ("Ms. Herring") were present on the Zoom call when Plaintiff was placed on a performance improvement plan in or around October 2023. The remaining averments in this Paragraph are denied.

11. Admitted in part; denied in part. It is only admitted that on or around December 15, 2023, Plaintiff was informed via Zoom that NIQ was terminating his employment effective December 29, 2023. The remaining averments in this Paragraph are denied.

12. Admitted. By way of further answer, Mr. Bachatene attended the initial performance improvement plan Zoom call in or around October 2023.

13. Admitted in part; denied in part. It is only admitted that on or around December 15, 2023, Plaintiff was informed via Zoom that NIQ was terminating his employment. The remaining averments in this Paragraph are denied.

14. Admitted upon information and belief.

15. Denied.

16. Denied as stated. By way of further answer, Ms. Herring provided Plaintiff with guidance so that he could complete the performance improvement plan successfully.

17. Denied.

18. Denied.

19. Denied.

20. Denied. By way of further answer, NIQ specifically denies it engaged in any unlawful conduct.

21. Denied.

22. Denied.

23. Denied.

24. Admitted.

25. The averments in this Paragraph are conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the averments of this Paragraph are denied.

26. Denied.

27. Denied. By way of further answer, NIQ specifically denies engaging in any conduct in violation of the Age Discrimination in Employment Act ("ADEA"), the Pennsylvania Human Relations Act ("PHRA"), Title VII of the Civil Rights Act of 1964 ("Title VII"), or any other statute or law.

## Count I

28. The foregoing paragraphs are incorporated here in their entirety as if set forth in full.

29. Denied. By way of further answer, NIQ specifically denies engaging in any conduct in violation of the ADEA, PHRA, Title VII, or any other statute or law.

30. The averments in this Paragraph are conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, NIQ specifically denies engaging in any conduct in violation of the ADEA, PHRA, Title VII, or any other statute or law.

31. The averments in this Paragraph are conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, NIQ does not dispute that this Court has jurisdiction over this matter, but denies engaging in any conduct in violation of the ADEA, PHRA, Title VII, or any other statute or law.

32. Plaintiff's Exhibit A is a document that speaks for itself. All characterizations thereof are denied. NIQ does not dispute that the Equal Employment Opportunity Commission (EEOC) issued Plaintiff a Determination and Notice of Rights. The remaining averments of this Paragraph are conclusions of law to which no responsive pleading is required. To the extent a response pleading is required as to the remaining averments of this Paragraph, the remaining averments are denied.

33. Admitted in part; denied in part. It is admitted only that Plaintiff purports to proceed as stated. The remaining averments of this Paragraph are denied. By way of further answer, NIQ specifically denies engaging in any conduct in violation of the ADEA, PHRA, Title VII, or any other statute or law.

**WHEREFORE**, NIQ respectfully requests that Plaintiff's Complaint be dismissed, with prejudice, as it fails to state a claim upon which relief may be granted; that judgment be entered in its favor and against Plaintiff; and that the Court award such other relief as it deems appropriate.

## Count II

34. The foregoing paragraphs are incorporated here in their entirety as if set forth in full.

35. Denied. By way of further answer, NIQ specifically denies engaging in any conduct in violation of the ADEA, PHRA, Title VII, or any other statute or law.

36. Denied. By way of further answer, NIQ specifically denies engaging in any conduct in violation of the ADEA, PHRA, Title VII, or any other statute or law, and that Plaintiff is entitled to damages of any kind.

37. The averments in this Paragraph are conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, NIQ does not dispute that this Court has jurisdiction over this matter, but denies engaging in any conduct in violation of the ADEA, PHRA, Title VII, or any other statute or law.

**WHEREFORE**, NIQ respectfully requests that Plaintiff's Complaint be dismissed, with prejudice, as it fails to state a claim upon which relief may be granted; that judgment be entered in its favor and against Plaintiff; and that the Court award such other relief as it deems appropriate.

## Count III

38. The foregoing paragraphs are incorporated here in their entirety as if set forth in full.

39. Denied. By way of further answer, NIQ specifically denies engaging in any conduct in violation of the ADEA, PHRA, Title VII, or any other statute or law.

40. Denied. By way of further answer, NIQ specifically denies engaging in any conduct in violation of the ADEA, PHRA, Title VII, or any other statute or law.

41. Denied. By way of further answer, NIQ specifically denies engaging in any conduct in violation of the ADEA, PHRA, Title VII, or any other statute or law, and that Plaintiff is entitled to damages of any kind.

42. The averments in this Paragraph are conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, NIQ does not dispute that

this Court has jurisdiction over this matter, but denies engaging in any conduct in violation of the ADEA, PHRA, Title VII, or any other statute or law.

43. Plaintiff's Exhibit A is a document that speaks for itself. All characterizations thereof are denied. NIQ does not dispute that the EEOC issued Plaintiff a Determination and Notice of Rights. The remaining averments of this Paragraph are conclusions of law to which no responsive pleading is required. To the extent a response pleading is required as to the remaining averments of this Paragraph, the remaining averments are denied.

44. Admitted in part; denied in part. It is admitted only that Plaintiff purports to proceed as stated. The remaining averments of this Paragraph are denied. By way of further answer, NIQ specifically denies engaging in any conduct in violation of the ADEA, PHRA, Title VII, or any other statute or law.

**WHEREFORE**, NIQ respectfully requests that Plaintiff's Complaint be dismissed, with prejudice, as it fails to state a claim upon which relief may be granted; that judgment be entered in its favor and against Plaintiff; and that the Court award such other relief as it deems appropriate.

### Count IV

45. The foregoing paragraphs are incorporated here in their entirety as if set forth in full.

46. Denied. By way of further answer, NIQ specifically denies engaging in any conduct in violation of the ADEA, PHRA, Title VII, or any other statute or law.

47. Denied. Admitted in part; denied in part. It is admitted only that Plaintiff purports to proceed as stated. The remaining averments of this Paragraph are denied. By way of further answer, NIQ specifically denies engaging in any conduct in violation of the ADEA, PHRA, Title VII, or any other statute or law, and that Plaintiff is entitled to damages of any kind.

48. The averments in this Paragraph are conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, NIQ does not dispute that this Court has jurisdiction over this matter, but denies engaging in any conduct in violation of the ADEA, PHRA, Title VII, or any other statute or law.

**WHEREFORE**, NIQ respectfully requests that Plaintiff's Complaint be dismissed, with prejudice, as it fails to state a claim upon which relief may be granted; that judgment be entered in its favor and against Plaintiff; and that the Court award such other relief as it deems appropriate.

## AFFIRMATIVE DEFENSES

NIQ states the following affirmative defenses to the Complaint. By including any defense herein, NIQ in no way assumes any burden whatsoever (including, but not limited to, burdens of proof, production, or persuasion) which it would not otherwise have. NIQ asserts that at all times, Plaintiff has the burden of proving each and every element of Plaintiff's claims as to both liability and damages.

1. Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff's Complaint seeks relief for any alleged discriminatory and/or unlawful conduct occurring outside the applicable statute of limitations and/or for which Plaintiff failed to exhaust administrative remedies.

2. NIQ exercises reasonable care to prevent discrimination in the workplace, and exercises reasonable care to promptly correct any discriminatory behavior that does occur. Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by NIQ.

3. To the extent Plaintiff seeks recovery for mental and emotional distress, including the recovery of medical expenses thereby incurred, such claims are barred by the exclusive remedy provision of the Pennsylvania Workers' Compensation Act.

4. NIQ is entitled to offset any damages to which Plaintiff may be entitled by actual income Plaintiff has received and/or to the extent Plaintiff has failed to mitigate his damages.

5. Plaintiff is not entitled to liquidated damages under the ADEA because NIQ's actions were not willful or reckless.

6. NIQ reserves the right to raise any and all other defenses that may become evident during discovery and during any other proceeding in this action.

Dated: September 6, 2024

Respectfully submitted,

*/s/ Rachel Fendell Satinsky*
Rachel Fendell Satinsky, Bar No. 308751
rsatinsky@littler.com
Joseph M. Carr, Bar No. 332743
jmcarr@littler.com

LITTLER MENDELSON, P.C.
Three Parkway
1601 Cherry Street, Suite 1400
Philadelphia, PA 19102.1321
Telephone:   267.402.3017
Facsimile:   267.285.2328

Attorneys for Defendant
NIELSEN CONSUMER LLC d/b/a NIELSEN IQ

## **CERTIFICATE OF SERVICE**

    I, Rachel Fendell Satinsky, hereby certify that on the 6th day of September, 2024, the foregoing document was filed using the East District of Pennsylvania's ECF system, through which this document is available for viewing and downloading, causing a notice of electronic filing to be served upon all counsel of record.

                                                 */s/ Rachel Fendell Satinsky*
                                                 Rachel Fendell Satinsky