IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

RAYMOND J. D'APRILE,

       Plaintiff,

v.

NIELSEN CONSUMER LLC d/b/a NIELSEN IQ,

       Defendant.

Civil Action No. 5:24-cv-02957

## JOINT CONFIDENTIALITY AND CLAWBACK AGREEMENT AND ORDER

Plaintiff Raymond J. D'Aprile ("Plaintiff") and Nielsen Consumer LLC d/b/a Nielsen IQ ("Defendant") (the "Parties"), by their respective counsel, hereby request that this Court enter a mutual protective order based upon the Parties agreeing to the following statement of good cause pursuant to the standard enunciated in *Pansy v. Borough of Stroudsburg*, 23 F.3d 772 (3d Cir. 1994) and *In re Avandia Mktg., Sales Practices & Prods. Liab. Litig.*, 924 F.3d 662 (3d Cir. May 15, 2019):

**WHEREAS**, The Parties are presently engaged in discovery;

**WHEREAS**, discovery in this case including, but not limited to, interrogatories; requests for production of documents or things; requests for admission; and/or depositions, may require disclosure of confidential information including, but not limited to, personnel records; medical records; compensation formulae, plans, data or information; competitively sensitive or proprietary business information and data; financial statements, productivity information and data; marketing, financial and/or business plans, models, strategies, information and data; otherwise private, confidential and/or trade secret information (collectively, "Confidential

Materials"), and which should otherwise remain confidential and the private property and information of the respective party;

**WHEREAS**, the purpose of this Confidentiality and Clawback Agreement is to expedite the responses to discovery without judicial intervention and to protect privacy during trial and appellate proceedings thereafter. The provisions in this Confidentiality and Clawback Agreement, however, shall not limit or be deemed to waive the right of any party to seek relief from or greater protection than that provided by this Confidentiality and Clawback Agreement;

**WHEREAS**, the Parties have agreed to stipulate to protect certain privileged and otherwise protected documents, data (including electronically stored information) and other information, including without limitation, metadata (collectively "Documents"), against claims of waiver and inadvertent production in the event they are produced during the course of this litigation whether pursuant to a Court Order, a Parties' discovery request or informal production;

**WHEREAS**, both Parties may be required to produce large volumes of Documents. The Parties wish to comply with discovery deadlines and complete discovery as expeditiously as possible, while preserving and without waiving any evidentiary protections or privileges applicable to the information contained in the Documents produced, including as against third parties and other Federal and State proceedings, and in addition to their agreement, need the additional protections of a Court Order under FRE 502(d) and (e) to do so.

**WHEREAS**, in order to comply with applicable discovery deadlines, a party may be required to produce certain categories of Documents that have been subject to minimal or no attorney review (the "Disclosures"). This Stipulation and Order is designed to foreclose any arguments that by making such Disclosures, the disclosure or production of Documents subject

to a legally recognized claim of privilege, including without limitation the attorney-client privilege, work-product doctrine, or other applicable privilege:

      (a)      was not inadvertent by the Producing Party;

      (b)      that the Producing Party did not take reasonable steps to prevent the disclosure of privileged Documents;

      (c)      that the Producing Party did not take reasonable or timely steps to rectify such Disclosure; and/or

      (d)      that such Disclosure acts as a waiver of applicable privileges or protections associated with such Documents.

**WHEREAS**, because the purpose of this Stipulation is to protect and preserve privileged Documents, the Parties agree they are bound as follows from and after the date their counsel have signed it, even if such execution occurs prior to Court approval.

**WHEREAS**, the Parties agree that the misuse or unnecessary dissemination of information that meets the standard enunciated in *Pansy v. Borough of Stroudsburg*, 23 F.3d 772 (3d Cir. 1994) and could cause injury to the Parties in this case, as well as others who are not Parties in this litigation;

**WHEREAS**, the Parties believe and aver that they would sustain a substantial detriment if such information was distributed outside of litigation;

**WHEREAS**, the Parties believe and aver that good cause exists for the Court to order protective measures relating to the confidential information and documents described herein;

**WHEREAS**, all Parties to this litigation, by their signatures hereto, agree that this Confidentiality and Clawback Agreement is appropriate and advisable,

**WHEREAS**, the Parties seek the entry of an Order pursuant to Federal Rule of Civil Procedure 26(c), governing the disclosure of documents and information therein pertaining to "Confidential Information" or "For Counsel Only Information" on the terms set forth herein, as well as an Order, pursuant to FRE 502, governing the return of inadvertently produced documents and data and affording them protections of FRE 502(d) and (e), on the terms set forth herein, it is hereby

**ORDERED** that access and dissemination of discovery material shall be governed by the following provisions and use at trial:

I.   **"CONFIDENTIAL" MATERIAL AND INFORMATION**

1.   **Scope Of "Confidential" Designation.** Counsel for a party may specifically designate as "CONFIDENTIAL" any materials, information or testimony concerning personnel records or issues; tax filings; business or financial records; medical/psychiatric/psychological records, data or histories; and other materials, information or testimony falling within the scope of confidential materials and/or information recognized by the courts as confidential. Any materials, information or testimony may be designated "CONFIDENTIAL" upon a good-faith belief that it falls within the scope of protection afforded by this Confidentiality and Clawback Agreement .

2.   **Sources Of "Confidential" Materials And Information**. "CONFIDENTIAL" materials and information include any materials or information disclosed in discovery or otherwise including, but not limited to, information disclosed in an interrogatory answer; materials disclosed in response to a request for production; materials or information disclosed in response to a subpoena; and deposition testimony and exhibits.

3.      **Required "Confidential" Legend**. Materials, information or testimony designated "CONFIDENTIAL" by counsel for the party producing or providing such information shall bear the legend "CONFIDENTIAL."

4.      **Access To "Confidential" Materials Or Information**.  Access to "CONFIDENTIAL" materials or information shall be limited to the following designated persons:

   a)      Outside counsel (herein defined as any attorney at the Parties' outside law firms) and relevant in-house counsel for the Parties;

   b)      Outside experts or consultants retained by outside counsel for purposes of this action, provided they have signed a non-disclosure agreement in the form attached hereto as Exhibit A;

   c)      Secretarial, paralegal, clerical, duplicating and data processing personnel of the foregoing;

   d)      The Court, judge, jury, appellate panel, government agency and any related personnel;

   e)      Any deponent may be shown or examined on any information, document or thing designated Confidential if it appears that the witness authored or received a copy of it, was involved in the subject matter described therein or is employed by the party who produced the information, document or thing, or if the producing party consents to such disclosure;

   f)      Vendors retained by or for the Parties to assist in preparing for pretrial discovery, trial and/or hearings including, but not limited to, court reporters, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual

aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials; and

  g)  The Parties. In the case of Parties that are corporations or other business entities, "party" shall mean employees of the Parties to the extent necessary to allow the Parties to litigate this action and to participate in decisions with reference to this lawsuit.

II.  **GENERAL PROVISIONS**

  1.  **Materials Designated "Confidential" Or "Confidential – Counsel And Experts Only" May Be Used Only In This Litigation.** All materials, information and testimony designated "CONFIDENTIAL," as described herein, as well as duplicates, notes, memoranda and other documents that disclose, in whole or in part, the contents of confidential materials, information or testimony shall be maintained in the strictest confidence by the Parties and counsel, shall be used solely for purposes of the above-captioned lawsuit, and shall not be disclosed to any other person or entity.

  2.  **Record-Keeping Duties**. Counsel shall keep a record of all copies of "CONFIDENTIAL" materials, information or testimony that are made and shall take appropriate precautions to avoid loss and/or inadvertent disclosure of such materials or information.

  3.  **Duration Of Confidentiality and Clawback Agreement.** After the conclusion of this litigation, the provisions of this Confidentiality and Clawback Agreement shall remain in force, excluding the Court which will not retain jurisdiction once this matter is closed.

  4.  **Objections To Designation**. If counsel for a party objects to a "CONFIDENTIAL" designation, he/she shall so advise counsel for the producing party in writing as soon as practicable. If counsel for the producing party does not withdraw the

designation within twenty-one (21) days after receipt of an objection, counsel may notify the Court via correspondence to Chambers to determine whether the disputed material, information or testimony has properly been designated "CONFIDENTIAL" and shall be governed by the limitations of this Confidentiality and Clawback Agreement. In the correspondence to the Court all counsel must certify that they have made a good faith effort to resolve the issue amongst themselves as required by L.R. Civ. 26.1.

     5.    **Filling Under Seal**.  It is the obligation of the party seeking to file a document under seal to first file a Motion for Leave requesting permission of the Court to file the document under seal.

     6.    **Signed Agreement**.  Persons described in Paragraph I(4)(b) shall not be given access to "CONFIDENTIAL" materials, information or testimony unless and until such persons agree in writing, under oath, to the Agreement set forth in Exhibit A hereto, the original of which shall be retained by the attorney obtaining the same.  To the extent that a party permits the other party to disclose "CONFIDENTIAL – COUNSEL AND EXPERTS ONLY" materials, information or testimony to a person other than counsel or an expert, any such person shall execute an Agreement as set forth in Exhibit A.

     7.    **Inadvertent/Unintentional Disclosure.**  To the extent consistent with applicable law, the inadvertent or unintentional disclosure of Confidential Material that should have been designated as such, regardless of whether the information, document or thing was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information, document or thing disclosed or as to any other material or information concerning the same or related subject matter.  Such inadvertent or unintentional disclosure may be rectified by notifying in writing counsel for all Parties to whom

the material was disclosed that the material should have been designated Confidential within a reasonable time after disclosure. Such notice shall constitute a designation of the information, document or thing as Confidential under this Confidentiality and Clawback Agreement and Order.

When the inadvertent or mistaken disclosure of any information, document or thing protected by privilege or work-product immunity is discovered by the producing party and brought to the attention of the receiving party, the receiving party's treatment of such material shall be in accordance with Federal Rule of Civil Procedure 26(b)(5)(B). Such inadvertent or mistaken disclosure of such information, document or thing shall not by itself constitute a waiver by the producing party of any claims of privilege or work-product immunity. However, nothing herein restricts the right of the receiving party to challenge the producing party's claim of privilege if appropriate within a reasonable time after receiving notice of the inadvertent or mistaken disclosure.

8. **Deposition Use Of Designated Materials, Information Or Testimony**. Materials, information or testimony designated "CONFIDENTIAL" may be used during the course of any deposition in this action, subject to the following conditions:

   a) **Deponents To Be Bound By This Confidentiality and Clawback Agreement.** A deponent shall be advised on the record or in writing of the existence and contents of this Confidentiality and Clawback Agreement, and the witness shall explicitly agree on the record or in writing to be bound by its terms. If a witness refuses to be bound by the Confidentiality and Clawback Agreement, the Parties agree to immediately seek an Order of the Court directing compliance. If this is not feasible, the examining attorney may still ask questions concerning the materials and/or information, although the

materials and/or information shall not be shown to the witness. The party seeking to file the deposition under seal must file a Motion requesting permission of the Court to file the deposition under seal.

      b) With respect to any depositions that involve a disclosure of Confidential Material of a party to this action, such party shall have until thirty (30) days after receipt of the deposition transcript within which to inform all other Parties that portions of the transcript are to be designated Confidential, which period may be extended by agreement of the Parties. No such deposition transcript shall be disclosed to any individual other than the individuals described in Paragraph I(4)(a), (b), (c), (d) and (f) above and the deponent during these thirty (30) days, and no individual attending such a deposition shall disclose the contents of the deposition to any individual other than those described in Paragraph I(4)(a), (b), (c), (d) and (f) above during said thirty (30) days. Upon being informed that certain portions of a deposition are to be designated as Confidential, all Parties shall immediately cause each copy of the transcript in its custody or control to be appropriately marked and limit disclosure of that transcript in accordance with this Confidentiality and Clawback Agreement.

9. **Disposition Of "Confidential" Or Materials Upon Conclusion Of This Litigation.**

      a) **Materials Designated "Confidential."** All materials or information, including all originals, copies, abstracts, or summaries thereof shall be returned to the producing party or destroyed irrespective of whether they were (i) produced in discovery or (ii) in the possession of, obtained by or received by plaintiff at any time prior to or during the pendency of this litigation.

b) **All Other "Confidential" Materials Or Information**. All other "CONFIDENTIAL" discovery materials or information, including originals, copies, abstracts or summaries thereof, shall be returned or destroyed at the conclusion of the lawsuit to the attorney for the party that produced the material, and **no copies thereof shall be retained by any other person or entity, excluding the Court**. The disposition of the retrieved materials or information shall be governed by this Paragraph.

c) **All Materials And Information Subject To This Confidentiality and Clawback Agreement Shall Be Retrieved From Experts At The Conclusion Of This Litigation.** If "CONFIDENTIAL" material is furnished to a testifying or consulting expert, the attorney for the party retaining such expert shall have the responsibility of ensuring that all such material, including abstracts and summaries thereof is returned to the party which originally produced the "CONFIDENTIAL" materials or information or destroyed.

d) **Retention Of Mental Impressions Of Counsel**. Counsel for a party may retain only abstracts or summaries of discovery materials which contain counsel's mental impressions or opinions. Such abstracts or summaries shall, however, remain subject to the terms of this Confidentiality and Clawback Agreement.

10. **Privileged Materials And Information Are Shielded From Discovery.** Nothing in this Confidentiality and Clawback Agreement shall be construed as requiring the production of privileged (subject to the attorney-client, physician-patient or other confidentiality shield under federal or state law) materials or information. A party claiming such a privilege shall produce a privilege log.

11. **Preservation Of Objections**. A party does not waive objections including, but not limited to, those based on relevance, authenticity, hearsay or admissibility to materials, information or testimony as a result of designating materials, information or testimony deemed "CONFIDENTIAL."

12. **Enforcement Or Modification**. Any party may apply to the Court prior to the disposition of this case, in accordance with the Federal and Local Rules of Civil Procedure, for enforcement or modification of this Confidentiality and Clawback Agreement with respect to the handling of any materials or information. If, prior to the disposition of this case, a party believes another party to this Agreement is in violation of said Agreement and that party continues to violate the Agreement after notice and an opportunity to cure, the injured party may seek relief from the Court and shall be entitled to recover from the party who violated this Confidentiality and Clawback Agreement its attorney fees and costs incurred in enforcing the terms of this Confidentiality and Clawback Agreement, in addition to any other relief ordered by the Court.

13. Pursuant to FRE 502(d) and (e), the Parties agree to and the Court orders protection of privileged and otherwise protected Documents against claims of waiver (including as against third parties and in other federal and state proceedings) s follows:

   a) The disclosure or production of Documents by a Producing Party subject to a legally recognized claim of privilege, including without limitation the attorney-client privilege and the work-product doctrine, to a Receiving Party, shall in no way constitute the voluntary disclosure of such Document.

   b) The inadvertent disclosure or production of any Document during this action shall not result in the waiver of any privilege, evidentiary protection

or other protection associated with such Document as to the Receiving Party or any third parties, and shall not result in any waiver, including subject matter waiver, of any kind.

c) If, during the course of this litigation, a party determines that any Document produced by another party is or may reasonably be subject to a legally recognizable privilege or evidentiary protection ("Protected Document"):

(i) the Receiving Party shall: (A) refrain from reading the Protected Document any more closely than is necessary to ascertain that it is privileged or otherwise protected from disclosure; (B) immediately notify the Producing Party in writing that it has discovered Documents believed to be privileged or protected; (C) specifically identify the Protected Documents by Bates number range or hash value, and, (D) within ten (10) days of discovery by the Receiving Party, return, sequester, or destroy all copies of such Protected Documents, along with any notes, abstracts or compilations of the content thereof. To the extent that a Protected Document has been loaded into a litigation review database under the control of the Receiving Party, the Receiving Party shall have all electronic copies of the Protected Document extracted from the database. Where such Protected Documents cannot be destroyed or separated, they shall not be reviewed, disclosed, or otherwise used by the Receiving Party. Notwithstanding, the Receiving

      Party is under no obligation to search or review the Producing Party's Documents to identify potentially privileged or work product Protected Documents.

   (ii) If the Producing Party intends to assert a claim of privilege or other protection over Documents identified by the Receiving Party as Protected Documents, the Producing Party will, within ten (10) days of receiving the Receiving Party's written notification described above, inform the Receiving Party of such intention in writing and shall provide the Receiving Party with a log for such Protected Documents that is consistent with the requirements of the Federal Rules of Civil Procedure, setting forth the basis for the claim of privilege or other protection.  In the event that any portion of a Protected Document does not contain privileged or protected information, the Producing Party shall also provide to the Receiving Party a redacted copy of the document that omits the information that the Producing Party believes is subject to a claim of privilege or other protection.

 d) If, during the course of this litigation, a party determines it has produced a Protected Document:

   (i) the Producing Party may notify the Receiving Party of such inadvertent production in writing, and demand the return of such documents.  Such notice shall be in writing, however, it may be delivered orally on the record at a deposition, promptly followed

        up in writing. The Producing Party's written notice will identify the Protected Document inadvertently produced by bates number range or hash value, the privilege or protection claimed, and the basis for the assertion of the privilege and shall provide the Receiving Party with a log for such Protected Documents that is consistent with the requirements of the Federal Rules of Civil Procedure, setting forth the basis for the claim of privilege or other protection. In the event that any portion of the Protected Document does not contain privileged or protected information, the Producing Party shall also provide to the Receiving Party a redacted copy of the Document that omits the information that the Producing Party believes is subject to a claim of privilege or other protection.

(ii)    The Receiving Party must, within ten (10) days of receiving the Producing Party's written notification described above, return, sequester, or destroy the Protected Document and any copies, along with any notes, abstracts or compilations of the content thereof. To the extent that a Protected Document has been loaded into a litigation review database under the control of the Receiving Party, the Receiving Party shall have all electronic copies of the Protected Document extracted from the database.

e)    To the extent that the information contained in a Protected Document has already been used in or described in other documents generated or

|     | |
|-----|---|
| | maintained by the Receiving Party prior to the date of receipt of written notice by the Producing Party as set forth in paragraphs (c)(ii) and d(i), then the Receiving Party shall sequester such documents until the claim has been resolved.  If the Receiving Party disclosed the Protected Document before being notified of its inadvertent production, it must take reasonable steps to retrieve it. |
| f) | The Receiving Party's return, sequestering or destruction of Protected Documents as provided herein will not act as a waiver of the Requesting Party's right to move for the production of the returned, sequestered or destroyed documents on the grounds that the documents are not, in fact, subject to a viable claim of privilege or protection.  However, the Receiving Party is prohibited and estopped from arguing that: |

    (i)    the disclosure or production of the Protected Documents acts as a waiver of an applicable privilege or evidentiary protection;

    (ii)    the disclosure of the Protected Documents was not inadvertent;

    (iii)    the Producing Party did not take reasonable steps to prevent the disclosure of the Protected Documents; or

    (iv)    the Producing Party failed to take reasonable or timely steps to rectify the error pursuant to Federal Rule of Civil Procedure 26(b)(5)(B), or otherwise.

g)    Either party may submit Protected Documents to the Court *in camera* for a determination of the claim of privilege or other protection.  The Producing Party shall preserve the Protected Documents until such claim is resolved.

                    The Receiving Party may not use the Protected Documents for any purpose absent this Court's Order.

    h)    Upon a determination by the Court that the Protected Documents are protected by the applicable privilege or evidentiary protection, and if the Protected Documents have been sequestered rather than returned or destroyed by the Receiving Party, the Protected Documents shall be returned or destroyed within 10 (ten) days of the Court's order. The Court may also order the identification by the Receiving Party of Protected Documents by search terms or other means.

    i)    Nothing contained herein is intended to, or shall serve to limit a party's right to conduct a review of documents, data (including electronically stored information) and other information, including without limitation, metadata, for relevance, responsiveness and/or the segregation of privileged and/or protected information before such information is produced to another party.

    j)    By operation of the Parties' agreement and Court Order, the Parties are specifically afforded the protections of FRE 502 (d) and (e).

14.    The Court retains the right to allow disclosure of any subject covered by this stipulation or to modify this stipulation at any time in the interest of justice.

**The Parties hereby agree to be bound by the terms of this Confidentiality and Clawback Agreement regardless of whether it is submitted to and/or entered by the Court.**

| | |
|---|---|
| */s/ Matthew J. Deschler* | */s/ Rachel Fendell Satinsky* |
| Matthew J. Deschler, Bar No. | Rachel Fendell Satinsky, Bar No. 308751 |
| mjdeschler@sskdlaw.com | rsatinsky@littler.com |
| | Joseph M. Carr, Bar No. 332743 |
| SHAY, SANTEE, KELHART & DESCHLER LLC | jmcarr@littler.com |
| 44 E. Broad Street | LITTLER MENDELSON, P.C. |
| Suite 201 | Three Parkway |
| Bethlehem, PA 18018 | 1601 Cherry Street, Suite 1400 |
| Telephone:   610.691.7000 | Philadelphia, PA  19102.1321 |
| Facsimile:   610.691.3529 | Telephone:   267.402.3017 |
| | Facsimile:   267.285.2328 |
| Attorneys for Plaintiff | Attorneys for Defendant |
| RAYMOND J. D'APRILE | NIELSEN CONSUMER LLC d/b/a NIELSEN IQ |

Dated: November 27, 2024

**SO ORDERED:**

Dated: November 27, 2024          /s/ Joseph F. Leeson, Jr.
                                                  JOSEPH F. LEESON, JR.,          J.

# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RAYMOND J. D'APRILE,<br><br>    Plaintiff,<br><br>    v.<br><br>NIELSEN CONSUMER LLC d/b/a NIELSEN IQ,<br><br>    Defendant. | Civil Action No. 5:24-cv-02957 |

### AGREEMENT CONCERNING CONFIDENTIALITY

By signing this document, I hereby certify that I have read the Confidentiality and Clawback Agreement dated _____ ____, 20__, in the above-captioned action, and I agree to abide by the terms of the Confidentiality and Clawback Agreement and maintain in confidence any confidential document or information provided or shown to me in accordance with the terms thereof.

_____
Signature

_____
Print Name

_____
Date